IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERTO ALVAREZ SANCHEZ,** | ) | **CASE NO. 4:11CV3171** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

This matter is before the court on initial review of Roberto Alvarez Sanchez's ("Sanchez") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("Petition"). For the reasons explained below, the court will give Sanchez the opportunity to treat his Petition as a motion brought pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

According to this court's records, Sanchez pled guilty to conspiracy to distribute methamphetamine on October 20, 2009. (*United States v. Sanchez*, Case No. 4:09CR3085 (D. Neb.), Filing No. 22.) On January 15, 2010, the court sentenced Sanchez to a prison term of 87 months. (Case No. 4:09CR3085, Filing No. 39.) Sanchez has not filed a motion to vacate under 28 U.S.C. § 2255 in Case Number 4:09CR3085.

Sanchez is incarcerated at the Cibola County Correctional Center in Milan, New Mexico. (Filing No. 1 at CM/ECF p. 12.) He filed his Petition in this matter on October 11, 2011. Generally, Sanchez argues that (1) he is entitled to equitable tolling of a motion to vacate under 28 U.S.C. § 2255, (2) the government violated the terms of the plea agreement, and his (3) trial counsel was ineffective. (*Id.* at CM/ECF pp. 3-10.)

## II. DISCUSSION

Sanchez filed his Petition under 28 U.S.C. § 2241. However, claims brought pursuant to 28 U.S.C. § 2241 may only be brought "in the district in which [the prisoner] is confined." *United States v. Leath*, 711 F.2d 119, 120 (8th Cir. 1983), (dismissing case for lack of jurisdiction under 28 U.S.C. § 2241); *see Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009), (reiterating that a claim attacking the execution of a sentence should be brought in a § 2241 petition *in the jurisdiction of incarceration*) (emphasis added). As set forth above, Petitioner is being held in New Mexico, not Nebraska. Thus, to the extent that Sanchez's Petition is strictly construed as one brought pursuant to § 2241, this court lacks jurisdiction.

Notwithstanding this, it appears to this court that Sanchez is actually challenging the legality of his conviction and sentence in his Petition, which he should do through a 28 U.S.C. § 2255 motion, not a § 2241 petition. *See Nichols*, 553 F.3d at 649, (reiterating that a federal prisoner challenging the legality of his sentence must raise his claims in a 28 U.S.C. § 2255 motion). In other words, Sanchez's Petition is the functional equivalent of a motion to vacate pursuant to 28 U.S.C. § 2255. Indeed, this is clear given Sanchez's argument in the Petition that he is entitled to equitable tolling of a § 2255 motion. (Filing No. 1 at CM/ECF pp. 4-5.)

The court cannot simply recharacterize Sanchez's Petition as a motion under 28 U.S.C. § 2255. Rather, it "must notify [him] that it intends to recharacterize the pleading, warn [him] that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide [him] an

2

opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 382 (2003). Sanchez is so warned. As set forth below, the court will give Sanchez the opportunity to inform the court whether he wishes it to treat his Petition as a motion brought pursuant to 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED that:

1. Sanchez has until January 9, 2012, to inform the court whether he wishes to treat his Petition as a motion brought pursuant to 28 U.S.C. § 2255. If so, Sanchez should indicate whether he wishes to amend his Petition to contain all of his § 2255 claims;

2. In the absence of a response by Sanchez in accordance with this Memorandum and Order, this matter will be dismissed without prejudice to reassertion in a district having jurisdiction over Sanchez's § 2241 petition; and

3. The clerk's office is directed to set a pro se case management deadline with the following text: January 9, 2012: Check for Petitioner's response regarding conversion to 2255.

DATED this 7th day of December, 2011.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.